UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN CHANDRE PAYNE, #368066,

      Plaintiff,

                                    Civil No: 06-10908
                                    Honorable Victoria A. Roberts
                                    Magistrate Judge R. Steven Whalen

v.

WYANDOTTE POLICE DEPARTMENT,

      Defendant.
_____

OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT

I. **Introduction**

      Plaintiff, Jovan Chandre Payne, presently confined at Jackson Correctional Facility in Jackson, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff was charged with armed robbery, felon in possession of a firearm and felony firearm. Petitioner pled nolo contendere to unarmed robbery on June 28, 2005 in Wayne County, Michigan Circuit Court. The "Michigan Department of Corrections Presentence Investigation New Conviction Update Report" states that there was a "Sentence Agreement" for 6-15 years, however, what exactly is Plaintiff's sentence term is unclear from the record.. Plaintiff asserts that he was wrongfully investigated, wrongfully detained, misidentified and denied medical attention for his mental health condition. As a result of these violations, Plaintiff maintains that he cannot sleep, has nightmares and has suffered mental anguish. The Court finds that Plaintiff's Complaint is summarily dismissed with prejudice.

## II.  Statement of Facts

Plaintiff's plea nolo contendere arose from a gentleman being robbed while in the men's bathroom of a restaurant.  The Wyandotte Police were contacted and a description of the assailant was given.  Defendant, believed to be the assailant, was subsequently arrested by officers out of the Toledo, Ohio Police Department near a Greyhound Bus Station in Toledo, Ohio.  Approximately 9 months following the entry of his plea nolo contendere, Plaintiff has filed this civil rights complaint.

The basis upon which this Court dismisses Plaintiff's Complaint is three-fold.

## III.  Discussion

### A.  Exhaustion of  Administrative Remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 & 741 n.6 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte.  Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999). A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his §1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the

Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

In this case, Plaintiff has not attached any documentation to support that he has exhausted his administrative remedies. Additionally, Plaintiff failed to indicate with a "yes" or "no " response whether grievances had been filed with the Step 1, Step 2 and Step 3 Coordinators in the "Administrative Remedies" section of the form "Prisoner Civil Rights Complaint for Cases Brought Under 42 U.S.C. §1983." Plaintiff instead writes that the most he could do was to file a grievance against his attorney. However, it is not clear whether Plaintiff in fact submitted a grievance against his attorney, the basis upon which such a grievance was filed, nor the relevance of such a grievance to the Complaint before the Court. Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, pursuant to the total exhaustion rule, this matter is dismissed. Ordinarily, such a dismissal would be entered without prejudice in order to provide the Plaintiff with an opportunity to exhaust his administrative remedies. However, for the reasons set forth below, Plaintiff's Complaint is dismissed with prejudice.

### B. Police Department Named as a Party Defendant

It is well established that a city's police department is not a separate legal entity which is capable of being sued. Under Michigan law, a municipal police department is "merely a creature" of the city that has created it. *Moomey v. City of Holland,* 490 F.Supp. 188, 190 (W.D.Mich.1980);

*see Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D.Mich.1997); *Pierzynowski v. City of Detroit Police Dep't,* 941 F.Supp. 633 (E.D.Mich.1996); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.* 803 F.Supp. 1251, 1256 (E.D.Mich., 1992).  Thus, when a municipal police department is sued, the real party in interest is the city. *Moomey*, 490 F.Supp. at 190.

Since the Plaintiff in this case has listed the Wyandotte Police Department as a party defendant, case law provides that the Department must be dismissed as it is not recognized as a viable party subject to suit.  Accordingly, Plaintiff's case against the Wyandotte Police Department is dismissed with prejudice.

### C.  Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's Complaint fails to state a claim upon which relief can be granted for 3 reasons.  First, Plaintiff does not allege a violation of his rights under the United States Constitution. Plaintiff only argues the state law claim of mental anguish.  Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *Sweeton v. Brown*, 27

4

F.3d 1162, 1166 (6th Cir.1994). Even if Plaintiff's reference to "mental anguish" is deemed to be some sort of claim for negligent or intentional infliction of emotional distress, it would still only be a state law claim.  Although, Plaintiff contends that his medical needs were ignored, there are no allegations which give rise to a constitutional violation.

Second, the only defendant in this case is the Wyandotte Police Department, which is an entity that is not subject to suit, as explained above.  Accordingly, there is no viable defendant before the Court; and Plaintiff's case must be dismissed.

Finally, Plaintiff has failed to sue an individual officer of the State in their official capacity and/or a "person" as defined under §1983.  Case law provides that given the Eleventh Amendment, the only way a plaintiff can reach state action is to sue individual officers of the State in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 165, 167 (1985) ("implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State").  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Since Plaintiff has not named any individuals in this case, he has failed to state facts indicating that any individuals had any personal or direct involvement in his alleged lack of medical care.  Conclusory allegations are insufficient to state a civil rights claim.  *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

## IV.  <u>Conclusion</u>

Plaintiff  has failed to exhaust the required grievance process mandated by the Michigan Department of Corrections, and therefore cannot administratively proceed in this Court.  Plaintiff further compromised the viability of his claim by suing the Wyandotte Police Department, which is not a party that is subject to suit.  Finally, Plaintiff failed to state a claim upon which relief could be granted by failing to allege a constitutional claim and by failing to sue an individual and/or a "person" under 42 U.S.C. §1983.

Accordingly,


IT IS ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed March 1, 2006]** is summarily **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's  application to proceed without prepayment of fees and costs  **[Docket No: 1-2, filed March 1, 2006]** is **DENIED** as moot.


<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated:  May 3, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 3, 2006.<br><br><u>S/Carol A. Pinegar</u><br>Deputy Clerk |

6